# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:25-cv-00302-MR-WCM

| | |
|---|---|
| JUAN CARLOS NAVIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Judgment on the Pleadings [Doc. 24].

## I. PROCEDURAL HISTORY

On July 30, 2025, the Plaintiff filed a Complaint in the Superior Court of Yancey County, North Carolina, asserting claims for breach of contract, bad faith, and unfair claim settlement practices against the Defendant insurance company. [Doc. 1-1]. The Defendant filed timely notice of removal to this Court on September 5, 2025 and an Answer on September 12, 2025. [Docs. 1, 6]. On January 20, 2026, the Defendant filed a Motion for Judgment on the Pleadings, and the Plaintiff filed a Response on February 19, 2026. [Docs. 15, 19].

On March 25, 2026, the Defendant filed a Motion for Leave to Amend its Answer solely to include an additional defense. [Doc. 21]. The Court granted that motion on April 14, 2026, and the Defendant filed its Amended Answer the same day. [Text-Only Order entered April 14, 2026; Doc. 23]. Because the Defendant filed an Amended Answer, the Court denied the Defendant's then-pending Motion for Judgment on the Pleadings as moot, without prejudice as to the filing of a renewed motion for judgment on the pleadings. [Text-Only Order entered April 14, 2026]. On April 17, 2026, the Defendant filed a renewed Motion for Judgment on the Pleadings. [Doc. 24]. The Plaintiff has not filed a Response, and the deadline to do so has expired. Accordingly, the Defendant's motion is now ripe for disposition.

## II.  STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In evaluating such a motion, the Court is limited to considering the parties' *pleadings*, such as the Plaintiff's Complaint and the Defendant's Answer, as well as any documents attached thereto. See Fed. R. Civ. P. 7(a); see also Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013).

"The standard of review for Rule 12(c) motions is the same as the standard used to review a district court's ruling on a Fed. R. Civ. P. 12(b)(6)

2

motion to dismiss." Progressive N. Ins. Co. v. Ladue, No. 21-1680, 2023 WL 5289365, at *3 (4th Cir. Aug. 17, 2023). Therefore, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. The court must "draw all reasonable inferences in favor of the plaintiff," but the court "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). As a result, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts." Id. at 255. Determining whether a complaint states a plausible claim for relief is "a context-specific task," Giacomelli, 588 F.3d at 193, which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise the right to relief above the speculative level," Twombly, 550 U.S. at 555.

## III.    FACTUAL BACKGROUND

This action concerns the Defendant's denial of the Plaintiff's claim for insurance coverage for damages to real property owned by the Plaintiff that he alleges were caused by Hurricane Helene on September 27, 2024.  [Doc. 1-1 at ¶¶ 7-28].  It is undisputed that the Defendant issued an insurance policy to the Plaintiff that was in full force and effect at the time of the alleged damages.  [Id. at ¶¶ 9-17; Doc. 23 at ¶¶ 9-17].  The Plaintiff timely filed a claim for coverage under the insurance policy, and he provided the Defendant with "a Sworn Statement in Proof of Loss," "all photographs available and in his possession" regarding the damages, and an "estimate for the Loss."  [Doc. 1-1 at ¶ 21]; see also [Doc. 23 ¶ 21].

On or about November 18, 2024, the Defendant informed the Plaintiff that only some of the Plaintiff's claimed damages were covered by the Plaintiff's insurance policy, and the Defendant denied payment for those damages because the estimate for the covered damages did not exceed the Plaintiff's deductible.  [Doc. 1-1 at ¶ 23; Doc. 23-2; Doc. 23-3].  The Plaintiff requested reconsideration of his claim, and, on or about April 10, 2025, the Defendant again denied payment.  [Doc. 1-1 at ¶ 24; Doc. 23-4;].  The Plaintiff's Complaint contains no allegations regarding whether the Plaintiff

4

provided any additional information to the Defendant between the Defendant's first and second denials of coverage.[1]

## IV. DISCUSSION

The Defendant has moved for partial judgment on the pleadings regarding the Plaintiff's claims for bad faith and unfair claim settlement practices. [Doc. 23].

Under North Carolina law, to state a plausible claim for an insurer's bad faith refusal to settle, the Plaintiff must plead "(1) a refusal to pay after recognition of a valid claim, (2) bad faith, and (3) aggravating or outrageous conduct." Lovell v. Nationwide Mut. Ins. Co., 108 N.C. App. 416, 420, 424 S.E.2d 181, 184, aff'd, 334 N.C. 682, 435 S.E.2d 71 (1993). To plead bad faith, the Plaintiff must allege more than mere "honest disagreement or innocent mistake." Dailey v. Integon Gen. Ins. Corp., 75 N.C. App. 387, 396,

---

[1] In his Response in Opposition to the Defendant's original motion for judgment on the pleadings, the Plaintiff asserted that "[a]s stated in Paragraph 21 of the Complaint, between November 18, 2024 and April 10, 2025, Plaintiff provided an estimate prepared by a professional with expertise in evaluating and estimating potential expenses necessary to return the Property to its pre-loss condition, as well as photographs, a Sworn Proof of Loss, and other information." [Doc. 19 at 7]. The Complaint does not, however, allege that the Plaintiff provided that information, or any information, *between November 18, 2024 and April 10, 2025*. [Doc. 1-1 at ¶ 21]. Moreover, the Defendant has filed a copy of an email from the Plaintiff's counsel dated October 30, 2024, in which the Plaintiff's counsel provided the Defendant with the estimate. [Doc. 25-1]. The Defendant's April 10, 2025 letter to the Plaintiff also states that the Plaintiff's counsel "indicated that there was no new information to share regarding [the Plaintiff's] position on the claim." [Doc. 23-4 at 1]. Finally, the Plaintiff has not attempted to raise that issue in a Response in opposition to the Defendant's renewed motion for judgment on the pleadings.

331 S.E.2d 148, 155 (1985). To plead aggravating or outrageous conduct, the Plaintiff may allege "fraud, malice, gross negligence, insult, rudeness, oppression, or wanton and reckless disregard of plaintiff's rights." Lovell, 108 N.C. App. at 422, 424 S.E.2d at 185.

The Plaintiff's Complaint is problematic. It appears to be a generic form presenting few particulars in support of the Plaintiff's claims. In fact, some of the allegations are so generic as to be erroneous in the present case. For instance, the Plaintiff asserts in his Complaint that the policy in question is his homeowner's insurance policy. [Doc. 1-1 at ¶¶ 6, 9, 13]. The documents filed with the pleadings, however, clearly show that the property is a rental unit and that the policy at issue is a landlord's policy. [Docs. 6-1, 6-2, 6-4]. Such generic pleading causes particular deficiencies regarding the Plaintiff's claims of bad faith and outrageous conduct, because they are general and conclusory.[2] See [Doc. 1-1 at ¶¶ 23-26, 41-43, 45]. Moreover, the Defendant's letters denying the Plaintiff's claim indicate that the Defendant inspected the Plaintiff's property, reached a decision based on that inspection, and reaffirmed that decision after corresponding with the Plaintiff's counsel and receiving no new information. [Docs. 23-2, 23-3, 23-

---

[2] When the Defendant amended its Answer and filed its renewed Motion for Judgment on the Pleadings, the Plaintiff had two clear opportunities to correct these deficiencies and errors but chose not to do so.

6

4]. As a result, the Court concludes that the Plaintiff has failed to adequately allege any of the three elements required for his bad faith claim.

Similar shortcomings thwart the Plaintiff's unfair claim settlement practices claim. "[A] plaintiff's remedy for violation of the unfair claim settlement practices statute is the filing of a claim pursuant to N.C. Gen. Stat. § 75–1.1, the unfair or deceptive practices statute." Defeat The Beat, Inc. v. Underwriters at Lloyd's London, 194 N.C. App. 108, 116, 669 S.E.2d 48, 53 (2008). The unfair claim settlement practices statute enumerates fourteen unfair business practices, any of which may serve as "examples of conduct to support a finding of unfair or deceptive acts or practices." Gray v. N. Carolina Ins. Underwriting Ass'n, 352 N.C. 61, 71, 529 S.E.2d 676, 683 (2000). Here, however, all the relevant allegations in the Plaintiff's Complaint are either general and conclusory or mere recitals of the relevant statutory provisions. Compare [Doc. 1-1 at ¶ 48(a)-(f)], with N.C. Gen. Stat. § 58-63-15(11)(a), (c), (d), (f), (g), (n).

At most, the pleadings establish only that the Plaintiff disagrees with the Defendant's decision to deny his claim. Such disagreement, without more, is insufficient as a matter of law to state a plausible claim for bad faith or unfair claim settlement practices. Accordingly, the Court will grant the

Defendant's motion, and the second and third causes of action in the Plaintiff's Complaint will be dismissed.

### O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 24] is **GRANTED**, and the Second and Third Causes of Action in the Plaintiff's Complaint [Doc. 1] are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Local 16.1, the parties are hereby **DIRECTED** to conduct an Initial Attorney's Conference within **fourteen (14)** days of entry of this Order. At the conference, the parties are required to discuss the issue of consent to jurisdiction of a magistrate judge in accordance with Local Rules 16.1(A) and 73.1(C). The Certificate of Initial Attorney's Conference and, if applicable, the Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge should be filed within **seven (7)** days of the conference. If appropriate, a party may file a Motion to Stay the Initial Attorney's Conference.

**IT IS SO ORDERED**.

Signed: May 20, 2026

Martin Reidinger
Chief United States District Judge

8