**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:25-cv-00302-MR-WCM**

| | |
|---|---|
| JUAN CARLOS NAVIA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand

[Doc. 28].

## I.    BACKGROUND

On July 30, 2025, the Plaintiff filed a Complaint in the Superior Court

of Yancey County, North Carolina, asserting claims for breach of contract,

bad faith, and unfair claim settlement practices against the Defendant

regarding the Defendant's denial of insurance coverage for damage to the

Plaintiff's property allegedly caused by Hurricane Helene.  [Doc. 1-1].  On

September 5, 2025, the Defendant timely filed Notice of Removal to this

Court.  [Doc. 1].  On May 20, 2026, the Court granted the Defendant's motion

for partial judgment on the pleadings and dismissed the Plaintiff's bad faith

and unfair claim settlement practices claims. [Doc. 26]. On June 8, 2026, the Plaintiff filed the instant Motion to Remand, which has been fully briefed. [Docs. 28-30]. The Plaintiff's motion is therefore ripe for disposition.

## II. STANDARD OF REVIEW

A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Id. § 1446(c)(2). However, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Id. § 1446(c)(2)(A). When a Defendant relies on an alleged amount in controversy in a notice of removal, rather than on the sum demanded in the initial pleading, removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Id. § 1446(c)(2)(B).

The party seeking removal has the burden of "establishing federal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151

(4th Cir. 1994). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "If the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 88.

## III. DISCUSSION

Federal courts have original jurisdiction over all civil actions between diverse parties when the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). "The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in "good faith."'" Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C., 491 F.3d 171, 176 (4th Cir. 2007) (quoting Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)). Therefore, when the parties are completely diverse and the plaintiff alleges damages in excess of $75,000,

3

courts may find subject matter jurisdiction lacking "only if 'it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed.'" <u>JTH Tax, Inc.</u>, 624 F.3d. at 638 (quoting <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 289) (emphasis in original).

When a plaintiff asserts a claim under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), treble damages are included in the sum claimed by the plaintiff for the purpose of determining the amount in controversy because such damages will be "awarded automatically" if the claim is successful. <u>Withers v. BMW of N. Am., LLC</u>, 560 F. Supp. 3d 1010, 1017 (W.D.N.C. 2021); <u>see also</u> <u>Gordon v. Nat'l Bus. Consultants, Inc.</u>, 856 F.2d 186 (4th Cir. 1988) (unpublished table decision) (concluding that the amount in controversy was met "because of North Carolina's treble damages provision" for UDPTA claims).

However, "if some event subsequent to the complaint reduces the amount in controversy, such as the dismissal of one count based on the defendant's answer, the court must then decide in its discretion whether to retain jurisdiction over the remainder of the case." <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 112 (4th Cir. 1995). In doing so, "courts should weigh convenience and fairness to both parties, as well as the interests of judicial economy," such as "the time and energy that has already been expended" and "whether

4

it might be more efficient to simply retain jurisdiction." Id. The Fourth Circuit "leave[s] it to the sound judgment of the district court to decide whether to exercise jurisdiction over residual liquidated claims under [$75,000], so long as it was not a legal certainty from the outset" that the plaintiff's claims could not exceed the $75,000 threshold. Id. at 112-13; see also Wall v. Fruehauf Trailer Servs., Inc., 123 F. App'x 572, 577 (4th Cir. 2005) (concluding that "the District Court had the discretion to retain any residual claims" that were "made in good faith" even if they did not "satisfy the jurisdictional requirement of 28 U.S.C.A. § 1332(a)" after the dismissal of one of the plaintiff's claims).

Here, the Plaintiff contends that the Defendant failed to establish the amount in controversy requisite for subject matter jurisdiction under § 1332(a) at the time of removal and that the Court's dismissal of the Plaintiff's bad faith and unfair claim settlement practices claims "exacerbates the jurisdictional defect." [Doc. 28-1 at 13]. The questions before the Court are therefore whether subject matter jurisdiction existed at the time of removal and, if so, whether the Court should continue to exercise jurisdiction over the Plaintiff's remaining breach of contract claim.

The Defendant's Notice of Removal alleges that "upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000." [Doc. 1 at 2]. The Plaintiff's Complaint, which the Defendant

5

attached to the Notice of Removal, asserts a breach of contract claim causing damages "in excess of $25,000.00," a bad faith claim causing damages "in excess of $25,000.00" and seeking punitive damages, and an unfair settlement practices claim causing damages "in excess of $25,000" and entitling the Plaintiff "to treble his contract and compensatory damages." [Doc. 1-1 at ¶¶ 38, 44-45, 53-54]. It is undisputed that the parties are completely diverse. [Doc. 28-1 at 2; Doc. 29 at 5 n.1].

The Plaintiff contends that the Defendant failed to establish jurisdiction at the time of removal because the Defendant failed to offer evidence sufficient for the Court to find, on a preponderance of the evidence, that the amount in controversy exceeds $75,000. [Doc. 28-1 at 7-12]. The Plaintiff's argument, however, misstates the Defendant's burden. The Defendant only needs to submit evidence establishing the amount in controversy if the Plaintiff contests an amount in controversy alleged by the Defendant that differs from the sum claimed by the Plaintiff. The Defendant has not done so here. Instead, the Defendant appears to rely on the allegations in the Plaintiff's Complaint, which unambiguously demand a sum in excess of the jurisdictional threshold. The Plaintiff's breach of contract claim seeks damages in excess of $25,000, and the Plaintiff's UDTPA claim seeks to treble those damages, thus yielding a sum in excess of $75,000. Moreover,

even if the Defendant were required to provide evidence establishing the amount in controversy, the Defendant previously submitted a copy of the Plaintiff's estimate of the relevant property damages, which showed total estimated damages of $64,635.13. [Doc. 6-6 at 16]. Such damages, when trebled, easily clear the $75,000 threshold imposed by § 1332(a). Therefore, although the Defendant was entitled to rely on the Plaintiff's damages allegations to establish the amount in controversy, the Defendant has also provided sufficient evidence to establish the amount in controversy.[1] Accordingly, the Court concludes that subject matter jurisdiction existed at the time of removal.

As to whether the Court may continue to exercise jurisdiction over the Plaintiff's remaining breach of contract claim, the Plaintiff acknowledges that the Court's dismissal of the Plaintiff's bad faith and unfair settlement practices claims "does not automatically defeat jurisdiction if jurisdiction

---

[1] The Plaintiff also contends that the Defendant's denial of the Plaintiff's insurance claim on grounds that the Plaintiff's property damages did not exceed the Plaintiff's $3,114 deductible is evidence that the amount in controversy falls below the $75,000 threshold. [Doc. 28-1 at 9; Doc. 30 at 3]. That argument, however, reveals another misunderstanding of the Defendant's burden. To the extent that the Defendant needs to provide evidence establishing the amount in controversy, such evidence needs only to establish the existence of contested facts that, if resolved in favor of the Plaintiff, could entitle the Plaintiff to recover in excess of $75,000. The Defendant has done so here by submitting the Plaintiff's estimate of his property damages. That the Defendant disagrees with the Plaintiff's estimate on the merits is to be expected, and such disagreement is not a barrier to jurisdiction.

7

existed when the case was removed." [Id. at 12]. Instead, the Plaintiff contends that "the district court has discretion to retain or decline jurisdiction" over the breach of contract claim and that the Shanaghan factors guiding the Court's discretion "favor remand." [Doc. 30 at 4-7]. Specifically, the Plaintiff contends that "the remaining claim is narrow, fact-driven, and governed entirely by North Carolina law," and that Yancey County Superior Court has a "stronger connection to the property, the loss, and the forum Plaintiff selected." [Doc. 30 at 5-6].

Regarding Shanaghan's judicial economy factor, the Court notes that the Plaintiff, despite principally contesting whether the amount-in-controversy was established at the time of removal, did not contest federal jurisdiction for nine months after this case was initially removed. During that time, the Court has reviewed and ruled on several motions, including a motion for judgment on the pleadings that disposed of all but the remaining breach of contract claim in this case. The dispositive motions deadline in this matter has already passed, and trial is set to begin in under four months, having been set for November 9, 2026 trial term. The time and energy heretofore expended by the parties and the Court, and the efficiency of retaining jurisdiction, therefore weigh heavily in favor of retention.

The remaining Shanaghan factors do not support a different conclusion. The Court recognizes that the remaining breach of contract claim is a state-law claim implicating a North Carolina property, and that the Plaintiff initially selected a state-court forum. See [Doc. 30 at 6]. State-law breach of contract claims, however, are common in federal courts, and it will always be the case that a Plaintiff seeking remand after removal initially selected a different forum. The Plaintiff has not identified any distinctive basis meriting remand of this case. For example, while the Plaintiff contends that the *Defendant* "identifies no concrete inconvenience that would result from remand," [Doc. 30 at 6], neither has the Plaintiff identified a concrete inconvenience that would result from the denial of remand. Accordingly, the Court concludes that retaining jurisdiction would not be inconvenient or unfair to the parties, and that judicial economy weighs strongly in favor such retention. The Plaintiff's motion to remand will therefore be denied.

## V. CONCLUSION

Subject matter jurisdiction over this case was proper at the time of removal because the parties are completely diverse and the Plaintiff's Complaint alleged an amount in controversy in excess of $75,000. The Court, in its discretion and in accordance with the Shanaghan factors, will

continue to exercise jurisdiction over the Plaintiff's remaining breach of contract claim. The Plaintiff's motion to remand will therefore be denied.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 28] is **DENIED.**

**IT IS SO ORDERED.**

Signed: July 11, 2026

Martin Reidinger
Chief United States District Judge

10